## Ed Rachels v. The State.

### No. 10860.   Delivered April 27, 1927.

**Theft, a Misdemeanor—No Statement of Facts—Misconduct of Jury—Not Apparent.**

Where a record contains no statement of facts, complaint of misconduct on the part of the jury in their deliberations are not manifest, and we are unable to determine whether there was error, but must assume that the trial court, in passing upon the matter, reached a correct conclusion.

Appeal from the County Court of El Paso County at Law. Tried below before the Hon. J. M. Deaver, Judge.

Appeal from a conviction of theft, a misdemeanor, penalty a fine of $25.00 and one hour in the county jail.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge. — Misdemeanor theft is the offense, punishment fixed at a fine of $25.00 and one hour in the county jail.

Appellant was charged with the theft of window frames and sash of the value of $5.75, and certain flooring lumber and "2x4" piece of lumber of the value of $22.50.

There is no statement of facts in the record, and it appears by a single bill of exceptions that in support of his motion for new trial appellant offered the testimony of a juror to the effect that some of the jurors claimed that the evidence showed that the appellant's hog pen had a floor on it; that the juror was familiar with flooring and told his fellow-jurors that the evidence was to the effect that the flooring was around the hog pen as a fence and convinced the jurors that the testimony was to that effect. The juror also testified that the prosecuting witness identified some of the lumber by the paper on it; that if it had had paper on it, it would have been worn off by its use as a floor in the hog pen. The court declined to receive this testimony and we are not able to determine its materiality. It seems to have been merely a debate touching the evidence rather than new evidence. It was more in the nature of an argument among the jurors touching the construction to be placed upon the testimony. Todd v. State, 93 Tex. Crim. Rep. 555; Jack v. State, 20 Tex. Crim. Rep. 660. At all events, in the absence of a statement of facts

we are not able to determine whether there was error, or that the matter was material, but must assume that the trial court reached a correct conclusion.

The judgment is affirmed.                                        *Affirmed.*